COFFMAN v. BOTTOMS.

Opinion delivered March 25, 1929.

*Jackson & Schoonover,* for appellant.
*Smith & Blackford,* for appellee.

KIRBY, J. This appeal is prosecuted from a judgment on a promissory note against appellants, on appeal from the justice court. The note was for $200, made November 20, 1926, due twelve months after date, payable to the order of W. G. McClamroch Company, bearing 10 per cent. interest from date until paid, the interest to be paid semi-annually, and to become part of the principal and bear interest if not paid when due. The note was joint and several, signed by Alice Coffman and G. A. Davies as makers. It was indorsed by the payee by W. G. Johnson, for value received, to Dock Bottoms, appellee herein, without recourse.

Appellants admitted the execution of the note, but denied liability thereon, alleging that they were induced

to execute same by the representations of appellee, the owner of the note, that he would protect them from any liability thereon. In support of their contention they introduced in evidence a written memorandum dated December 21, 1926, directed to W. G. Johnson, signed by Alice Coffman, signature witnessed by G. A. Davies, stating she owed H. G. Tate the sum of $200 on a note signed by her, past due, which she was unable to pay, and that, if Johnson would satisfy Mr. Tate for the sum, he was authorized to add same to the amount owed Johnson, with an agreement to pay 10 per cent. interest, "and you can add the same to the mortgage you have against my land, which same shall be secured by said mortgage the same as if mentioned therein."

Davies testified that Bottoms came to him, about the time the note became due, and told him that Griff Tate owed him some, and that he owed the McClamroch Company some; that he wanted to get his money out of Tate if he could, and asked him and his brother about signing a renewal note to Tate. Witness' brother refused to sign a renewal note, and witness told Bottoms that he did not care to sign it. Bottoms told him that, if he would help him fix it so he could get his money out of Tate, he would fix it so witness could get his money, and be safe; that McClamroch held a mortgage on Mrs. Coffman's land, and that Johnson would take a lien on the property to secure the note, and that witness signed the note with this understanding. He would not have signed it if it had not been for the fact that Dock Bottoms told him he would see that he was protected on it; that the statement to Johnson was written and presented to him before he signed the note. When the note became due, Bottoms told witness, Davies, that he would have to pay the note, but to take this statement or order of Mrs. Coffman's to Johnson, and go to Cunningham, who had bought the place, and get his money. That Bottoms had the order from Mrs. Coffman with the note to Grover Johnson. The order from Mrs. Coffman to Johnson was brought

to appellants by Tate when they executed the note sued on, in renewal of a note held by him.

The court held that appellee was a *bona fide* holder of the note sued on, that the obligation of it could not be varied or contradicted by a separate written order introduced in evidence, apparently relating to it, nor by parol testimony, and directed a verdict for appellee, and rendered judgment accordingly.

The undisputed testimony shows that the note sued on was executed in renewal of a note by the makers due to the said Tate, to McClamroch Company, his debtor for a like amount, and appellee became the holder thereof in due course before maturity. Such being the case, no error was committed in directing a verdict against appellants, and the judgment is affirmed.